# STATE OF VERMONT

## ENVIRONMENTAL COURT

Secretary, Vermont Agency of
Natural Resources,  Plaintiff,

v.

Mountain Valley Marketing, Inc., ,
Respondents

Docket No. 41-2-02 Vtec

(Stage II Vapor Recovery)


Secretary, Vermont Agency of
Natural Resources,  Plaintiff,

v.

Premium Petroleum, Inc.,
Respondents

Docket No. 278-12-02 Vtec

(Stage II Vapor Recovery)


Secretary, Vermont Agency of
Natural Resources,  Plaintiff,

v.

Premium Petroleum, Inc, Odessa
Corp., Timberlake Associates, and
Wesco, Inc.,  Respondents

Docket No. 176-8-02 Vtec

(Stage I Vapor Recovery)


Secretary, Vermont Agency of
Natural Resources,  Plaintiff,

v.

Premium Petroleum, Inc, Odessa
Corp., Timberlake Associates, and
Wesco, Inc., Respondents

Docket No.  175-8-02 Vtec

(Hazardous Waste
Management Regulations)

Decision and Order on Motions to Compel

In Docket No. 41-2-02 Vtec on January 24, 2002, the Secretary of the Vermont Agency of Natural Resources (ANR) issued an administrative order pursuant to 10 V.S.A. ' 8008 regarding Respondent Mountain Valley Marketing, Inc., which timely requested a hearing in Environmental Court. This administrative order alleged violations of the Air Pollution Control Regulations regarding Stage II Vapor Recovery. In Docket No. 278-12-02 Vtec on November 26, 2002, the Secretary of the Vermont Agency of Natural Resources (ANR) issued another administrative

order pursuant to 10 V.S.A. ' 8008 also alleging violations of the Stage II Vapor Recovery Regulations regarding Respondent Premium Petroleum, Inc., which also timely requested a hearing in Environmental Court.

In Docket No. 176-8-02 Vtec, on July 31, 2002 the Secretary of the Vermont Agency of Natural Resources (ANR) issued an administrative order pursuant to 10 V.S.A. ' 8008 regarding Respondents Premium Petroleum, Inc, Odessa Corp., Timberlake Associates, and Wesco, Inc., which timely requested a hearing in Environmental Court. This administrative order alleged violations of the Air Pollution Control Regulations regarding Stage I Vapor Recovery.

In Docket No. 175-8-02 Vtec, on July 31, 2002 the Secretary of the Vermont Agency of Natural Resources (ANR) issued an administrative order pursuant to 10 V.S.A. ' 8008 regarding Respondents Premium Petroleum, Inc, Odessa Corp., Timberlake Associates, and Wesco, Inc., which timely requested a hearing in Environmental Court. This administrative order alleged violations of the Hazardous Waste Management Regulations regarding exempt and small-quantity generators of hazardous waste.

In all the above-captioned cases, all Respondents (which are all related corporations or entities) are represented by Jon Anderson, Esq., William E. Simendinger, Esq. and Kathryn Sarvak; and the Agency of Natural Resources is represented by Catherine Gjessing, Esq.

Respondents seek discovery in aid of their argument that they have been unconstitutionally singled out for enforcement. As stated in today= s ruling on their Motion for Summary Judgment on that issue, to succeed in an argument of selective enforcement, particularly in a civil case, they must satisfy both prongs of a two-part test, as reiterated by the Vermont Supreme Court in In re Appeals of Letourneau 168 Vt. 539, 549 (1998, as corrected 1999), first, that A the person, compared with others similarly situated, was selectively treated;@ and, second, that the A selective treatment was based on impermissible considerations such as . . . intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person. @ We ruled that material facts are in dispute as to whether they were A similarly situated@ in comparison with all the other entities regulated under the Vapor Recovery and Hazardous Waste Management Regulations.

The discovery sought goes to both prongs of the above test: Respondents= attempts to obtain information about the Agency= s treatment of other regulated entities, and Respondents= attempts to obtain information going to the motivation of the Agency and its personnel in this particular instance.

Respondents seek an order under 4 V.S.A. ' 1004 that the information is necessary to a full and fair determination of the above-captioned proceedings.

With respect to the motivation of the Agency and its personnel, ordinarily, at least in criminal cases in which a defendant argues selective or vindictive prosecution, the claimants must make out a prima facie case of selective prosecution before being allowed discovery of the basis for a prosecution. That is, Respondents must come forward with some evidence of actual animus or actual intent to punish the exercise of constitutional rights, not merely the potential for such animus or the opportunity for vindictiveness. Generally this is to avoid the chilling effect on law enforcement that would result from subjecting the prosecutor= s motive and decisionmaking to outside inquiry, and to avoid undermining prosecutorial effectiveness by revealing governmental enforcement policy. See, e.g., United States v. Armstrong, 517 U.S. 456, 463-64 (1996). Respondents argue in return that the > whistleblowing= nature of the testimony alleged as the basis for the retaliatory enforcement represents a fundamental public interest in protecting speech on matters of public concern, to be balanced against the relatively minor burden of disclosure, citing Prager v. LaFaver, 180 F. 3d 1185 (10th Cir. 1999). However, we will not

address Respondents= claim for information going to the motivation of the Agency and its personnel until and unless Respondents make a <u>prima</u> <u>facie</u> case on the other prong of showing the other entities that were similarly situated, because if Respondents cannot reach that threshold showing, they will have no need to show motivation.

With respect to discovery as to cases brought against other members of the regulated community, that is, as to evidence of whether others are > similarly situated,= Respondents should be entitled to discovery of any materials generated in connection with orders, assurances of discontinuance, or court proceedings under 10 V.S.A. Chapter 201 as of or after November 2, 1990[1], which materials are public records and would be available under Vermont= s Access to Public Records law absent the pendency of this litigation. While it is not information relative to the violation under 4 V.S.A. ' 1004(a), it is information necessary to a full and fair determination of these proceedings in connection with Respondents= effort to defend against the proceedings by asserting a selective enforcement defense.

Please note that this order is less extensive than the discovery demand in several respects. It does not order the production of any litigation records any earlier than November 2, 1990 or any records in proceedings brought other than under the Uniform Environmental Enforcement Act. It does not cover settlement discussions or any privileged investigative material that is not a public record subject to the Access to Public Records law.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Respondents= motion to compel is GRANTED, subject to the above limitations, and without prejudice to future discovery requests being made under 4 V.S.A. ' 1004(a) upon a showing of the need for that additional material.

Done at Barre, Vermont, this 7th day of July, 2003.


_____
Merideth Wright
Environmental Judge

---

**Footnotes**

[1.]  The date that the Uniform Environmental Enforcement Act took effect with the appointment of the environmental judge and the commencement of the Environmental Court.